This is consolidation of two cases, 19-1233 and 19-1310, Auto-Owners Insurance Company v. Bolt Factory Lofts Owners. You may proceed, Mr. Cantrell. Thank you, Your Honor. May it please the Court, this is Connor Cantrell on behalf of Auto-Owners Insurance Company, which was the plaintiff in the case below and is the appellant in these cases. I'd like to reserve three minutes in rebuttal, if time permits, please. Auto-Owners is asking this Court to reverse the trial court's sua sponte determination that the trial court lacked subject matter jurisdiction pursuant to the Rightness Doctrine over Auto-Owners' claims for declaratory relief against its insured class. Auto-Owners believes that the trial court erred as a matter of law when it found that Auto-Owners' claims were contingent on the entry of judgment in the underlying case against Sierra Glass. Auto-Owners believes that's reversible error and further believes that the Court abused its discretion when it denied Auto-Owners' Rule 60 motion on these similar issues. Auto-Owners requests that the Court remand the case and allow the case to proceed because Auto-Owners' claims are right and they became right the moment that Sierra Glass entered into this settlement agreement with the association in the case below. I know that there's a jurisdictional question that the appellees raised and I'd like to address the jurisdictional question at the end of my presentation and turn really to the heart of this matter, which is the non-agreement. It's important to remember what the non-case says, which is that when an insured being defended by an insurance company is exposed to a judgment in excess of policy limits, the insured can enter into an agreement with the plaintiff where the insured confesses judgment in favor of the plaintiff in exchange for the plaintiff's covenant not to execute and an assignment of the insured's rights against the insurance company, including any extra contractual claims. What the non-case doesn't say, and this is confirmed by subsequent Supreme Court precedent, which is the StressCon case, the non-case does not say that when an insured is exposed to a judgment that may not be covered, which is fundamentally different than a judgment in excess of policy limits, that the insured can still enter into the same or similar protective agreement. A potential lack of coverage, meaning there's enough money in limits, but some question about whether the claim falls within the grant of coverage or whether some exclusion applies, cannot, as a matter of law, form the basis of a non-agreement. And that's really the seminal issue that auto owners is seeking to have decided, or was seeking to have decided by the trial court, and what we're seeking to have remanded back to the trial court to have decided. The moment that Sierra Glass entered into that agreement, it constituted a breach of the policy and created the type of direct and immediate harm to auto owners that makes the claims right. And that's supported by the Bill Richardson v. Gonzales case, which is really the seminal Tenth Circuit case on rightness. And in that case, it was a claim, the Bill Richardson case, was a case about whether a statute prohibiting the use of campaign contributions was constitutional. Bill Richardson said that it was unconstitutional, the state objected, and Bill Richardson filed a declaratory judgment action. Just like Sierra Glass in this case, the state there said, well, hey, that case isn't right until he decides whether he's going to run for office or whether he can explain the nature and extent of how he changes his fundraising activities. And the court rejected that. The court said... Counsel is charged. But the principal problem here is there's ongoing litigation in the state court at this time. And generally, if the same issue is being decided in a case proceeding through the state courts, we should not hear a declaratory judgment action on the same point. Now, is it not correct that in the Colorado Supreme Court case, the argument made by the insured is that we could enter into this agreement because we weren't being defended in good faith by the insurance company? And that's also... I mean, it seems to me that the same issues, the same essential issues, are being addressed in the state court. Where am I wrong about that? Judge, I think you're wrong about that. If you look at the order granting the cert petition at the Supreme Court, it's limited. The cert petition only says that it's going to decide whether an insurance company who is defending under a reservation of rights can intervene to defend its insured on the merits. The Court of Appeals opinion even expressly says in footnote 3 of the Court of Appeals opinion, it says we are not deciding the validity of the non-agreement. And so that question is not up on cert, and it's really not up at all at the trial court or anywhere in the state court action. The only place, Judge, where that issue is being raised is this one. And that's why it became right. The only place where auto owners is expressly, affirmatively saying, hey, this non-agreement is invalid as a matter of law and constitutes a breach of the policy is in the declaratory judgment action, which is this case. I think that is not part of the response by the insured in the Colorado Supreme Court action. They're not responding that you don't have a right to intervene because you lost your right when you didn't represent us in good faith. That's not one of the issues before the Colorado Supreme Court. I don't believe so, Judge. I think their response to, well, first of all, the opening brief at the Supreme Court has not been filed. And so I'm not sure what they're going to say specifically. I'm not sure what we're going to say because it hasn't been filed yet. But the issue of whether an insurance company can intervene under Rule 24 is not the same. I mean, there's elements to intervention questions, but they're not the same as whether the agreement itself is valid or not. They may be related, but they're not being decided. And that's really the question that you raised, Judge, is are they being decided in the state court action? And the answer to that is no. The state court action is not going to resolve whether the non-agreement is valid. Only this case. Counsel? Counsel, excuse me. Judge Mathison, do you have any questions? Well, let me be at the risk of maybe repeating the question but to get more clarity. Wouldn't the Colorado Supreme Court need to conclude that Sierra Glass breached the insurance contract in order to say that auto owners had a right to intervene? No. What the Supreme Court needs to conclude to say that auto owners have the right to intervene are the elements under Rule 24, which basically are about whether auto owners' interests in that litigation are contingent. So, there's a split, there's a national split of authority on the contingency issue. Some states say when an insurance company has issued a reservation of rights, its interest in the litigation is contingent because it's contingent on the coverage questions. Other states, and I think hopefully Colorado, says when an insurance company issues a reservation of rights, it still has a sufficient interest in the underlying litigation to permit it to intervene. So, it's not about whether the settlement agreement itself is valid under Colorado law. The issue that the Supreme Court is deciding is resolving that nationwide split on the contingency question. And so, I think hopefully that answers your question, Judge. Judge Carson, do you have any questions at this time? Yeah, it's sort of along the same lines. Let me see if I can say it any differently. If the non-agreement is valid, would that affect your ability to intervene in the underlying case? No, because again, the question of whether auto owners is permitted to intervene is whether auto owners has a direct interest in the litigation. So, the fact that Sierra Glass and the association decided to enter into a valid agreement, if that's what someone decides, auto owners would still argue that it would be permitted to intervene because one of the things that auto owners is trying to intervene to do is to get a fair judgment, a real judgment decided in a true adversarial proceeding, which did not happen and would never happen with even a valid non-agreement. And that's why in the Kusava case, which we cited in the brief, the Colorado Court of Appeals permitted intervention to say, look, the insurance company has an interest in this litigation to go have a real trial and to go figure out whether there's liability, and if so, what are the real damages. Not some made up number that the insured and the plaintiff come to. And so, even if the agreement is valid, you can still intervene, and that's what the Kusava case decided. So, when you were trying to intervene, did you ever take the position that one basis for you intervening was the entry of the non-agreement by the insured and the plaintiff? Well, sure. The entry of the agreement was the impetus for intervening. I mean, if they wouldn't have entered into the agreement, then there would have been no reason to intervene because we would have just went and had a jury trial. But they entered into the agreement, waiving the jury trial, agreeing not to present a defense, and then went and had basically a fake trial with no objections, no openings, no closings by the defendant. And so, the entry of the agreement was why we intervened. I reserve three minutes, and my clock says I'm at 12, so I'd like to reserve the remainder of my time. Okay. Thank you, Kevin. Thank you. May it please the court, this is Nelson Boyle. I represent both Sierra Glass and the Bolt Factory Auto Owners Association. I'd like to start by addressing a few of the questions that the panel asked auto owners. Judge Hart, I believe, asked, now I'm paraphrasing, but is the insurer not arguing that the insurer lost its rights by acting in bad faith, lost its rights to intervene in the action below by acting in bad faith? And we disagree with auto owners here. The agreement was to not have a jury trial, and that's in the agreement. And so, to have the ability to intervene, the Supreme Court would have to overturn the non-agreement or at least find that portion of the non-agreement not valid. And I think that addresses the questions of Judge Matheson and Judge Carson as well, regarding whether it would have to conclude that Sierra Glass breached to allow auto owners to intervene. In this case, the affirmative defenses that were asserted against auto owners' claims in this case include that auto owners acted in bad faith or that it waived or stopped from raising its claims. And its claims center around, as Mr. Cantrell said, they say whether Sierra Glass breached, but it's really, as we said in our brief, who breached first. And auto owners pleaded, and I think it's on page 18 of the record in paragraph 48, auto owners pleaded that they acted in good faith at all times. And Sierra Glass disagrees with that, and that's why it brought its counterclaims. With that, I welcome some questions from the panel. Well, I'll begin. This is Judge Hart. Did I hear you just say that to allow intervention by auto owners, the Colorado Supreme Court would have to find that the non-agreement was invalid? That's our position, Judge. That's not the opposing position, and the auto owner says that the Colorado Court of Appeals decision specifically says that they're not considering the validity of the non-agreement. Or maybe I misheard that. Is that correct? They did say they were not considering the validity of the non-agreement, but auto owners didn't win there. But the way auto owners have described the certification by the state Supreme Court, the grant of cert, it says it's to determine a more general issue of whether when there has been a non-agreement, assuming its validity, the insurer has the right to intervene or not. And that depends on whether it's considered by the state court just a contingent interest, which would not allow intervention, or a more significant interest. And that's irrespective of whether the agreement itself is valid. So why do you think the validity of the—let me summarize. Why do you think the validity of the non-agreement is before the Colorado Supreme Court? Your Honor, the non-agreement itself says that the parties waived the jury trial and would have a trial of the court. So to address whether they could intervene, because what they want to intervene— So just to intervene, no, but to intervene to do what they want to do, which is to have a jury trial on damages and on liability, I guess in causation, would be to undo at least part of the non-agreement, which says that that's waived. Well, the parties—the two parties in the lawsuit might agree to something, but then if another party is allowed to intervene, the judge is not bound by what the two parties say. The two original parties, if the intervening party says, we think there should be a trial, a jury trial, and the judge agrees, that doesn't violate the agreement between—that doesn't violate the non-agreement. It just means that the court is not bound by the non-agreement. I understand what you're saying. I just think that if they get to that point, then they have to decide. I mean, under none, a party that is insured can enter into an agreement that is a protective settlement agreement when the insurer acts in bad faith and jeopardizes them with a judgment that's not covered. And, you know, it can't—because that's what none says. I mean, they have to decide whether this could be a non-agreement in that case. But I'd also like to turn to other reasons why, you know, the crux of this case is about the bad faith case, which is auto owners' words in, you know, in the hearing that we attached the transcript to our brief from the garnishment action. They said the crux of this case is about the bad faith case. Counsel? This is Judge Mathison. If I could just jump in with— I'm interested in focusing more on the basic concept of rightness on which the district court relied. Why haven't the events already occurred that are needed to decide the declaratory judgment claim regarding Sierra Glass's alleged bad faith breach? In other words, there may be reasons for the district court to back off and, you know, comity, extension, exercise of discretion as to whether to go forward with a declaratory judgment action. But I'm interested in why the issue is not right as an Article III matter. When everything has happened, that would permit the court to decide the issue. Well, Judge Mathison, thanks for your question. I think, you know, the case law says that, you know, it doesn't— the courts don't favor—and part of the prudential reason for rightness is the courts don't favor, you know, piecemeal litigation or allowing a party to, you know, have an advance ruling on, you know, one part of a case when the rest of the case isn't before the court. Or in Columbian Finance Court, there's a discussion of the Calderon case, I think, and it talks about an advance ruling on an affirmative defense. Here, you know, it wouldn't be an affirmative defense because it's their— you know, all of their claims would be affirmative defenses to bad faith claims if they were raised first. You know, and the same idea holds. You know, here, there's no rightness for the bad faith claims because there's no judgment yet. And, you know, the whole thing would be mooted if— Excuse me, what do you mean by— Okay, so there is a judgment. There was a judgment in the state trial court. Yeah, I misspoke. There's a judgment. It's just been—you know, it's up on appeal, so it's not a final judgment for rightness purposes. I guess, I mean, I don't want to belabor the point too much, but more typically what happens in declaratory judgment actions is the plaintiff is anticipating something that is imminent to happen or will happen. And then the question is, well, is it close enough that the issue's right? But here, the non-agreement has already happened. And the plaintiff, auto owners, is saying, look, we think that that breached the insurance contract. So I'm just not seeing where rightness comes in. I can see other reasons, as I said, for the district court to back off, but I'm having a hard time understanding the reason that it used. Your Honor, the defense to their argument that Sierra Glass breached is that auto owners breached first. And that's the bad faith claim. And that happened back even before the non-agreement. Yes. So in terms of the relevant underlying events, they've all happened. Yes. And if the district court reached the merits in the declaratory judgment action, why couldn't you litigate the who breached first question by arguing that Sierra Glass didn't breach because auto owners breached first? Why couldn't you just raise it there? Well... In fact, that is the affirmative defense, isn't it? That would be our defense. We respectfully... That's part and parcel with the bad faith claims that were dismissed. But on top of that, the Colorado Supreme Court is going to have to dig into this to decide whether or not the non-agreement was valid. And I think that that's what auto owners is going to try to put before them in their opening, but they haven't filed that yet. So I can't... That's just a guess. Thank you. Judge Carson, do you have any questions? I do. Am I right that one of the things asserted in the declaratory judgment action was that the state court judgment was not enforceable? I'm sorry. You said that... Yeah, the state court action was not enforceable. That was one of the items in the declaratory action. Yeah. Right. And I guess I'm just wondering, does that make a difference in this case? Since if auto owners received relief from the Colorado Supreme Court, presumably it would undo the judgment below and there'd be a new trial with auto owners being able to intervene. That's correct. And potentially, I mean, if there was a new trial, if they were to win at the Supreme Court in Colorado and then have a new trial, potentially either Sierra Glass could win or auto owners could win, or that the judgment could be different for less or it could be the same. I guess it could be more. For them to argue that the judgment is invalid, which is part of what they're saying in their declaratory judgment claims, is right on... I agree with you, Your Honor. That's what's at issue in the declaratory judgment action. Counsel, isn't it typical, though, when there's a liability lawsuit and the insurer believes that it doesn't have a duty to defend or even to indemnify, that the insurer then will go to another court and seek a declaratory judgment, relieving it of any obligation under the insurance policy? So if this case is sent back down by the Colorado Supreme Court, wouldn't auto owners claim that it has no duty to defend or indemnify? Wouldn't that still be a totally appropriate declaratory judgment action to proceed with? Your Honor, at least under Colorado law, that's true as long as it wouldn't jeopardize the insurance rights. But that's only on typical policy defenses. The policy says this, so therefore we don't have to indemnify, but we don't have to pay this portion of the damages. Counsel, why does this not fit within that? It's saying that the insurer breached the contractual duty to cooperate in the defense. I'm not sure exactly what the policy language is. The insurer did not comply with that agreement, and that voids any obligation of the insurer to the insurance. Why is that different from your typical declaratory judgment action? Because, well one, under Constitution Associates and HECLA, I think that they wouldn't be able to bring that action, because if they were wrong and they lost on that, they'd be jeopardizing their insurance rights, potentially by the discovery and the things that come up in the claim. You know, in the declaratory judgment action, while the liability case is ongoing. But also, you know... Excuse me, counsel. How would that jeopardize, I don't understand, any risk of jeopardizing the trial of the liability action? Because the defense... Whether it was cooperation or not. Go ahead. Because the defense to that would go into how auto owners breached first. And that would potentially expose the things that the defense was doing in that case, in the liability case. And that would become public and be part of the public record. So then the plaintiff in the underlying case would be able to have access to that. And so that might reveal trial strategy or defense strategy that would be opened up to the plaintiff in the liability case. Counsel, your time has expired, I believe. Is that correct, Mr. Wyman? Yes, it is, Your Honor. But I'll see if anybody else has questions. Judge Vassa, did you have further questions? No, I don't. Thanks. Judge Carson? No, I don't have any questions. Thanks. Okay. I think Mr. Cantrell still has a few minutes. Is that correct? Three minutes and 14 seconds left for Mr. Cantrell, Your Honor. Thank you. Mr. Cantrell, you may proceed. Thank you. Recording this assertion that there's going to be some prejudice to Sierra Glass by taking statements inconsistent with what they would take in the declaratory judgment, there's simply no record evidence of that. They've never asserted it. They've never stated how they could be prejudiced. They've never stated how they would be prejudiced. And as Your Honors have mentioned, all the facts related to this issue surrounding the non-agreement are whether auto owners should have settled. And that has no substantive impact on how Sierra Glass would defend itself in the underlying case. Which takes me to my next point, which is how the underlying case would proceed. And we have an example, and it's the Kuzava case. In that case, the Court of Appeals allowed United Fire to intervene. They went back to the trial court. The only thing that happened in the trial court is the judgment got vacated. The agreement still exists in the trial court. So there's record evidence of that from the state court in the Kuzava case. So the notion that the Supreme Court is going to decide that this agreement is valid or not is simply wrong. The Supreme Court is not going to decide that issue. The Supreme Court, even if it gets remanded, and the trial court, is going to presume that that agreement is valid. The underlying case has nothing to do with the validity of the non-agreement. The validity of the non-agreement is only here. Yes. Counsel, let me ask about the contention by Eppley that you have been inconsistent with respect to your rightness argument. They quote you as saying that the real essence of the declaratory judgment case and the essence of all this case really is Sierra's bad faith claim against auto owners, and yet you argued in district court that Sierra Glass' bad faith and breach of contract counterclaims were unright. Sure. How can the bad faith issue be central to the declaratory judgment action and not be unright, but the counterclaim making the same issues is unright? Sure. So first of all, statements made by counsel during scheduling conferences are not judicial admissions. That's a TeleGlobe case, 493 F3rd 345 at 377 3rd Circuit 2007. So something that was made during a scheduling conference that isn't positive. Was it true what the attorney said? I'm interested in the... Sure. What... Yeah. The essence... Sorry. The essence of auto owners declaratory judgment action is the entry of the agreement. And what they're saying is the reason that they were entering into the agreement is that auto owners acted in bad faith. So that's the essence of the case. But Colorado law is clear that bad faith claims don't ripen in this context until there's a final judgment against the insured. So if I said, and I'm sure I did if they quoted me, that the essence is the bad faith claim, what I meant was the essence is the entry of the agreement. And as your honors have mentioned, all of those facts are in. And that is the point of this whole case. And that's why this case is so important. Because if an insured is allowed to enter into this agreement, it necessarily subjects the insurance companies to become party defendants. And that's not the law. That's not the benefit of the bargain, especially when there's no excess. The benefit of the bargain when there's no excess... Excuse me, counsel. Yeah. In the declaratory judgment action you're raising, is it not correct that Sierra can defend against that on the ground that you or other owners acted in bad faith and not representing it properly in the state court proceeding? Will that not be an issue? Sure. It will be an issue, but that's why... Then if that's going to be an issue, why is the counterclaim of Sierra Glads for bad faith unripe? That would be a problem for you, to argue a point that's inconsistent and win and then argue an inconsistent point later on. Because they're different theories and they're different causes of action. Right. The Colorado bad faith scheme in Colorado where trouble damages and awards of fees is based on certain theories and principles and fiduciary obligations that insurance companies have to insureds. That's why, to be right, there has to be an entry of judgment in excess of limits for there to even give rise to a bad faith claim because the bad faith claim is based on those principles of law. Conversely, the duty to cooperate is different. It's purely a contract claim. They're not inconsistent. It's a defense and if they win, I'm sure it'll be a law of the case or something that they'll be able to use. But it's not inconsistent to suggest that Auto Owners was relieved of its duty to defend by the entry of the agreement just in the same manner as every other declaratory judgment case that gets filed in federal court where an insurance company says there's no duty to defend because there's some policy defense. It's the same thing that we're doing here. It just happens to be a breach of the cooperation clause as opposed to some coverage defense. I didn't hear a beat, but I've got to believe my time is up. Well, let me ask, we asked a few extra questions on opposing counsel, so let me ask Judge Matheson, do you have any further questions? No, I don't. Thanks. Judge Carson? I do. My question is, assume that your DEC action is allowed to go forward in federal court and you win, what happens to your desire to intervene in the state court action? It would be abrogated, presumably, if we win outright and Judge Jackson or whoever says that Auto Owners no longer has a duty to defend or indemnify, then the state court action would be mooted and Auto Owners would withdraw its defense and the association would have a judgment against Sierra Glass to do whatever they want with. But that's the same as happens in any declaratory judgment case where the insurance company wins. You defend under a reservation of rights, you DJ it, if you win, then you withdraw the defense. And you could seek fees, you could seek reimbursement of fees and costs, but that's what would happen in a state court case. Okay, if that's all the questions, then thank you, counsel. Case to be revisited. And counsel excused.